IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BROOKS SPORTS, INC., a Washington corporation, <br><br>          Plaintiff, <br><br>    v. <br><br> ANTA (China) Co., Ltd., a China corporation, <br><br>          Defendant. | Civ. Action No.  1:17-cv-01458 |

## COMPLAINT

Plaintiff Brooks Sports, Inc. ("Brooks") through its undersigned attorneys, for its Complaint against defendant Anta (China) Co., Ltd. ("Anta"), alleges as follows:

### Parties

1.      Brooks is a Washington corporation, having a principal place of business in Seattle, Washington.

2.      Anta is a Chinese company with an address of Chidian Town, Jinjian City, Dongshan Industrial Zone, Fujian Province, China.

### Jurisdiction and Venue

3.      This is an action appealing the decision of the Trademark Trial and Appeal Board (the "Board") under 15 U.S.C. § 1071(b) and 37 CFR § 2.145.  Brooks is dissatisfied with the Board decision in *Brooks Sports, Inc. v. Anta (China) Co., Ltd.*, Opposition No. 91223228 (October 24, 2017) (the "Decision") dismissing Brooks' opposition to Anta's application to register with the U.S. Patent & Trademark Office the following design mark for various footwear and apparel:



1

(the "Anta Mark"). Anta's application for the Anta Mark bears serial no. 86/268,523 (the "'523 Application").

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1071(b)(1) which provides that a party that is dissatisfied with the decision of the Trademark Trial and Appeal Board may commence a civil action in a district court. Section 1071(b)(4) further states that where the adverse party resides in foreign country, the United States District Court for the Eastern District of Virginia shall have jurisdiction over such civil action. Therefore, this Court also has personal jurisdiction over defendant Anta.

5.      This Court has subject matter jurisdiction over related claims that were not the subject of the Trademark Trial and Appeal Board decision under 15 U.S.C. § 1071(b)(1). *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 155 (4th Cir. 2014).

6.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) because Defendant, a foreign corporation, is subject to the Court's jurisdiction under 15 U.S.C. § 1071(b)(4),

## General Factual Allegations

### Brooks' Chevron Marks

7.      Founded in 1914, Brooks is one of the most recognized and successful athletic footwear and apparel companies in the United States. Brooks designs and markets high-performance running shoes, apparel, and accessories in more than 50 countries worldwide. As a company dedicated to running and high quality running gear, Brooks has acquired a hard-earned reputation for its products and is well-known among consumers for its shoes and apparel.

8.      The goodwill that Brooks has built is represented in its various trademarks. Among its trademarks are its Path Chevron Mark and its Heritage Chevron Mark (together, the "Brooks Marks"), as shown below:

| Path Chevron Mark | Heritage Chevron Mark |
|---|---|
|  | |

9.      Brooks has used the Path Chevron Mark on and in connection with its footwear and apparel continuously since 2002. The Path Chevron Mark is the subject of an incontestable federal registration, No. 2,750,754 for "shoes, footwear, shirts, pants, jackets, hats, shorts, rights and T-shirts" in Class 25 ("the '754 Registration") which registered on August 12, 2003. A true and correct title and status printout of the '754 Registration from the PTO database is attached as **Exhibit A.**

10.     Because it has achieved incontestable status, the '754 Registration constitutes conclusive evidence of the validity of the Path Chevron Mark and of Brooks' ownership of and exclusive right to use the Path Chevron Mark in connection with the goods for which it is registered.

11.     Brooks has consistently used the Path Chevron Mark on and in connection with a wide variety of shoes and apparel. For example, Brooks uses the Path Chevron Mark

prominently on the sides of its shoes in various different placements, as shown here by these representative athletic shoes:



12.     Brooks began using the Heritage Chevron Mark for its footwear and apparel in the early 1970s. The Path Chevron Mark, adopted in 2002, consists of an update and modernization of the Heritage Chevron Mark. Despite this, even after introduction of the Path Chevron Mark, Brooks has used the Heritage Chevron Mark on and in connection with its goods.

For example, Brooks uses the Heritage Chevron Mark on its Vanguard running shoe, which it first introduced in 1976:



13.     Brooks owns incontestable federal registration No. 1,683,840 ("the '840 Registration") for a composite word/design mark incorporating the Heritage Chevron Mark for "athletic clothing; namely, shirts, pants, jackets, hats, caps, shorts, rights and hosiery, and athletic footwear" which registered on April 21, 1992. A true and correct title and status printout of the '840 Registration from the PTO database is attached as **Exhibit B.**  The Heritage Chevron Mark was also the subject of federal registration No. 1,419,241 which was in full force and effect from 1986 when it registered through 2007 when it was cancelled.

14.     For more than forty years, Brooks has used the Brooks Marks on virtually all of the athletic footwear and apparel it sells, and in virtually all of Brooks' advertisements and other marketing materials. Over this lengthy period, Brooks has sold tens of millions of pairs of running shoes and millions more items of apparel bearing the Brooks Marks. And each year, Brooks has spent millions and sometimes tens of millions of dollars on advertising and marketing in the United States, including in major magazines with nationwide distribution, such as Men's Fitness, Runners World, and Shape Magazine. Based on the enormous magnitude of sales and advertising over the last forty plus years, the Brooks Marks have achieved widespread

recognition among consumers and are famous among both Brooks' consumers and the general public.

<u>Anta's Trademark Application</u>

15.    The Anta Mark which is the subject of the '523 Application is highly similar to the Brooks Marks as shown here:



| Anta Mark | Brooks Marks |
|---|---|

16.    In the '523 Application, Anta seeks registration of the Anta Mark for a wide variety of goods in Class 25 including "shirts," "pants," "shorts," "jackets," "footwear," and "shoes," among many other items. The full list of goods for which Anta seeks registration in the '523 Application are as follows: "Overalls; smocks; linen garments, namely, shirts, pants, shorts, blouses, skirts, coats, and jackets; sweaters; shirts' pants; shorts; sweatshirts' dresses; clothing made of leather, namely, leather pants, leather vests, leather shirts, leather jackets, leather shoes, belts made of leather; suits; breeches; trousers; knitwear, namely, knitted shirts, knitted tops, knitted sweaters, knitted socks, knitted blouses, knitted pants, knitted skirts; coats; skirts;

pelisses; pullovers; frocks; overcoats; topcoats; jackets; parkas; clothing of imitation leather, namely pants made from imitation leather, vests made from imitation leather, shoes made from imitation leather, belts made of imitation leather; dust coats; down clothes, namely, down vests, down jackets, down coats, down pants, down shirts; children clothes, namely headwear, children's and baby cloth eating bibs, baby bodysuits, baby pajamas, children's pajamas; sports jerseys; T-shirts' fishing vets; vests; singlets; pajamas; dress shields; shoulder wraps; collar protectors; shirt fronts; shirt yokes; cuffs; layettes; cyclists' clothing, namely, cycling shorts, cycling shirts, cycling shoes; clothing for gymnastics, namely, leotards, gymnastics shirts, gymnastics pants, gymnastic shoes, gymnastic shorts; judogi, namely, uniforms worn in the sport of judo; wrestling singlets; raincoats; rain-cloaks; dance clothes, namely, leotards, leg warmers, dance shoes, dance costumes, warm-ups, tights, body suits; footwear; shoes; football shoes; gymnastic shoes; studs for football boots; ski boots; jumping shoes; track shoes; mountain climbing shoes; boots; sports shoes; boots for sports; tips for footwear; inner soles; fittings of metal for shoes and boots; footwear uppers; footwear vamps; gaiters; heelpieces for boots and shoes; welts for boots and shoes; soles for footwear; insoles; headwear; cap peaks; ear muffs; headbands; paper hats; non-electric foot muffs; socks; sports socks; athletic socks; gloves; muffs; shawls; scarves; belts; money belts; strap belts; waist strings for kimonos; fabric belts; sashes for wear; wedding gowns" (the "Anta Goods").

17.     Anta filed the '523 Application on an intent to use basis on May 1, 2014.

18.     At no time has Brooks granted permission, written or otherwise, to Anta, to use or register any form of the Brooks Marks, including without limitation, the Anta Mark.

Priority and Use by Anta

19.     Anta's earliest priority date for the Anta Mark is the date of its filing of the
Application, namely, May 1, 2014 ("Anta's Priority Date").  Anta's Priority Date is long after the
date of first use in commerce of the Brooks Marks.

20.     On information and belief, Anta did not begin using the Anta Mark in commerce
until long after Anta's Priority Date.

21.     Below is an example of how Anta currently uses the Anta Mark on its athletic
shoes offered for sale in the United States:





The Opposition

22.     On August 11, 2015, Brooks filed a timely notice of opposition against the '523 Application (Opposition No. 91223228). The grounds for opposition included likelihood of confusion and dilution by blurring under Section 2(d) of the Lanham Act.

23.     Anta answered the notice of opposition denying that the '523 Application should be denied registration on the alleged grounds.

24.     On October 24, 2017, the Board issued its Decision dismissing Brooks' opposition on both alleged grounds.

25.     The Board's Decision is erroneous and should be reversed based on this Court's *de novo* review of the record presented to the Board and additional evidence and additional grounds that Brooks will present to the Court.

## Claims for Relief

**First Claim for Relief: Opposition to '523 Application Based on Likelihood of Confusion – Appeal of TTAB Decision (15 U.S.C. §§ 1063, 1071(b), 1119)**

26.     Brooks realleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above.

27.     The Brooks Marks are inherently distinctive and have acquired distinctiveness and fame and therefore are valid trademarks owned by Brooks.

28.     The Anta Mark which is the subject of the '523 Application consists of a design which is highly similar to the Brooks Marks.

29.     The goods for which the Brooks Marks are registered and have been used are identical to goods listed among the Anta Goods.

30.     The Brooks Marks are strong and famous and are entitled to a broad scope of protection.

31.     The Anta Mark should be denied registration under 15 U.S.C. § 1052 because it so resembles the prior used and registered Brooks Marks as to be likely when used on or in connection with the Anta Goods to cause confusion, to cause mistake, and/or to deceive with consequent injury to Brooks, the trade and the public.

32.     Brooks is dissatisfied with the Board's decision dismissing Brooks' opposition. The Board's decision was in error and should be reversed and vacated.

**Second Claim for Relief: Opposition to '523 Application Based on Dilution by Blurring – Appeal of TTAB Decision (15 U.S.C. §§ 1063, 1071(b), 1119)**

33.     Brooks realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 above.

34.     The Brooks Marks have become well-known and famous as a designation of source of the goods for which they are used and registered.

35.     The Brooks Marks became famous well before Anta's Priority Date.

36.     The Anta Mark so resembles the Brooks Marks as to dilute the distinctive quality of the Brooks Marks by blurring in violation of 15 U.S.C. § 1125(c).

37.     Brooks is dissatisfied with the Board's decision dismissing Brooks' opposition. The Board's decision was in error and should be reversed and vacated.

**Third Claim for Relief: Opposition to '523 Application Based on Lack of Bona Fide Intent to Use (15 U.S.C. §§ 1051(b), 1063, 1071(b), 1119)**

38.     Brooks realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39.     The '523 Application was filed on the basis of Section 1(b) of the Lanham Act 15 U.S.C. § 1051(b)), requiring that Anta, the applicant, possess a bona fide intent to use the Anta Mark in connection with each of the various goods that make up the Anta Goods.

40.     Anta projects itself to the public as a company focused on athletic footwear and apparel. There are many goods among the Anta Goods which are unrelated to athletic footwear and apparel.

41.     On information and belief, as an athletic footwear and apparel company, Anta did not possess a bona fide intent to use the Anta Mark on each and every category of goods listed among the Anta Goods in class 25 as of its filing date.

42.     Absent a bona fide intent to use, the '523 Application is not entitled to registration under 15 U.S.C. § 1051(b).

## **Request for Relief**

WHEREFORE, Brooks respectfully requests that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.     An Order reversing and vacating the decision of the Trademark Trial and Appeal Board in Opposition No. 91223228 dated October 24, 2017, ordering that the '523 Application is not entitled to registration under Sections 1(b) and 2(d) of the Lanham Act, and directing the Director of the United States Patent and Trademark Office to refuse registration of the Anta Chevron Mark in the '523 Application.

2.     Awarding such further and other relief as the court deems lawful, equitable or proper.

Dated: December 22, 2017

Respectfully submitted,

By  /s/ Craig C. Reilly
Craig C. Reilly
VSB # 20942
111 Oronoco Street
Alexandria, VA 22314
Telephone: 703-549-5354
Facsimile: 703-549-5355
Craig.reilly@ccreillylaw.com

*Attorneys for Plaintiff Brooks Sports, Inc.*

*Of Counsel for Plaintiff Brooks Sports, Inc.:*

Marc C. Levy
    (*pro hac vice* forthcoming)
Jeffrey E. Danley
    (*pro hac vice* forthcoming)
Thomas A. Shewmake
    (*pro hac vice* forthcoming)
Seed IP Law Group LLP
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
Facsimile: (206) 682-6031
Email: marcl@seedip.com
Email: jeffd@seedip.com
Email: TomShewmake@seedip.com